IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALFRED G. JONES,**

        Plaintiff,

                CIVIL ACTION
   vs.             No. 04-3327-SAC

**STATE OF KANSAS, et al.,**

        Defendants.


### ORDER

  Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se and in forma pauperis on an amended complaint filed under 42 U.S.C. 1983. He seeks damages and his release from custody for the alleged denial of due process in the execution of his state sentence.

  By an order dated January 31, 2005, the court directed plaintiff to show cause why the complaint should not be dismissed. To the extent plaintiff sought damages, the court found relief was barred by Heck v. Humphrey, 512 U.S. 477 (1994). To the extent plaintiff alleged error in the computation of his sentence, the court found relief must be pursued under 28 U.S.C. 2241, and found plaintiff's allegations to be identical or closely similar to plaintiff's earlier federal action that was construed as seeking relief under 28 U.S.C. 2241 and dismissed. See Jones v. Hannigan, Case No. 99-3040-DES (petition denied March 7, 2000), *construed as filed under 28 U.S.C. 2241 and*

*appeal dismissed* (10th Cir. January 9, 2001).

In response, plaintiff contends the denial of adequate legal resources and assistance prevented him from filing the present action in the proper manner, and asks to have it construed and considered as filed under 28 U.S.C. 2241.[1]  Plaintiff argues the instant action is not duplicative to his earlier 2241 case because the earlier action addressed the non-conversion of plaintiff's sentence under the Kansas Sentencing Guidelines Act, whereas the present case seeks relief based the alleged non-compliance of Kansas law in calculating plaintiff's parole eligibility on his consecutive 1967 and 1995 convictions.

Having reviewed the record, the court finds it appropriate to dismiss without prejudice plaintiff's claim for damages under 42 U.S.C. 1983, because any such claim is premature until a showing can be made that satisfies Heck.

The court also denies plaintiff's renewed request to construe this action as filed under 28 U.S.C. 2241 to the extent plaintiff seeks release from custody and asserts a new challenge to the execution of his state sentence.

A district court may dismiss a petition for writ of habeas corpus brought under 28 U.S.C. 2241 if it appears the legality of the prisoner's detention was determined by a federal court on a prior habeas application.  28 U.S.C. 2244(a).  Where the second petition raises a new claim that could have been raised in the

---

[1]Plaintiff does not address the court's finding that Heck bars plaintiff's claim for damages under 42 U.S.C. 1983.

previous habeas application, the abuse-of-the-writ doctrine applies. McCleskey v. Zant, 499 U.S. 467, 483-84 (1991). To proceed on the new claim, plaintiff must satisfy the "cause and prejudice"[2] or "fundamental miscarriage of justice"[3] standards, as those terms have been defined in procedural default cases. George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995)(*citing* Schlup v. Delo, 513U.S. 298 (1995)).

Although plaintiff argues exceptional circumstances resulted in his filing of his current request for relief under 28 U.S.C. 2241, the alleged denial of legal resources and proper legal advice falls far short of establishing that cause or prejudice exists for not raising his current sentence calculation claim in his first 2241 application, or that a fundamental miscarriage of justice would result if plaintiff's claims are not considered. Thus to the extent plaintiff seeks relief under 28 U.S.C. 2241 for alleged constitutional error in the execution of his consecutive state sentences, this new claim would be subject to

---

[2]*See* Murray v. Carrier, 477 U.S. 478, 495-96 (1986)("cause" requires a showing of some objective external factor that impeded petitioner's efforts to comply with procedural rules); United States v. Frady, 456 U.S. 152, 170 (1982)("prejudice" requires a showing that petitioner suffered actual and substantial disadvantage as a result of his failure to comply with procedural rules).

[3]To be excused from procedural default on the basis of the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 506 U.S. 390, 405 (1991).

dismissal due to plaintiff's abuse of the writ.[4]

Accordingly, for the reasons stated herein, the court dismisses plaintiff's complaint under 42 U.S.C. 1983 without prejudice, and denies plaintiff's request to proceed under 28 U.S.C. 2241 on new allegations of error in the execution of plaintiff's state sentences.

IT IS THEREFORE ORDERED that the complaint filed under 42 U.S.C. 1983 is dismissed without prejudice, and that plaintiff's request to proceed under 28 U.S.C. 2241 on new allegations of error in the execution of his state sentence is denied.

**IT IS SO ORDERED.**

DATED:  This 23rd day of August 2005 at Topeka, Kansas.

           s/ Sam A. Crow
          SAM A. CROW
          U.S. Senior District Judge

---

[4] Plaintiff is advised that federal habeas relief is only available upon a showing that a conviction violated federal law and review "does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991)(*quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).